José Asunción Escapa, demandante y apelante, *v.* Gustavo Saliva Soria, demandado y apelado.

No. 5032.—*Sometido:* Noviembre 4, 1929. *Resuelto:* Enero 31, 1930.

*Pascasio Fajardo,* abogado del apelante; *O. Souffront,* abogado del apelado.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

Este es un pleito sobre *injunction* para recobrar la posesión de una pequeña porción de terreno, fallado en contra del demandante después de practicada amplia prueba.

La transcripción se archivó en la Corte Suprema el 9 de julio de 1929. El 22 del propio mes de julio la parte apelante pidió prórroga para presentar su alegato. Le fué negada porque el término había vencido el 19.

Así las cosas, el 26 de julio la parte apelada solicitó la desestimación del recurso por no haberse presentado el alegato y porque la transcripción de la evidencia archivada no se había tramitado de acuerdo con la ley. La vista de la moción no pudo celebrarse hasta noviembre porque el tribunal entró en vacaciones en los primeros días de agosto.

El 3 de septiembre de 1929 la parte apelante archivó su alegato y el 21 del propio mes una moción sobre impugnación de la moción de desestimación acompañada de una certificación del secretario de la corte de distrito y de un *affidavit* de méritos. También pidió que se entendieran corregidos los autos de la apelación a virtud de la certificación acompañada.

El 25 de octubre la parte apelada amplió su moción de desestimación aduciendo que el alegato presentado no cumplía con el reglamento de esta corte ya que no contenía un señalamiento de errores por separado.

El 4 de noviembre la parte apelante por su abogado tuvo la oportunidad de informar e informó sobre todas las cuestiones envueltas.

No siendo ello absolutamente necesario, no nos detendremos a examinar si la transcripción de la evidencia fué o no fué debidamente aprobada en la corte de distrito. Es algo complicado que requeriría una larga exposición de fechas sin beneficio alguno para la jurisprudencia. Puede aceptarse, considerándola corregida por la certificación, que fué debidamente aprobada.

De lo que no hay duda alguna es de que el alegato no se radicó en tiempo. Cuando se presentó el 3 de septiembre, ya hacía más de un mes que la moción de desestimación estaba archivada. Siendo ello así el motivo para desestimar existe.

Ahora bien, como no se trata de un motivo jurisdiccional y como se ha invocado fuertemente la discreción de esta corte, examinaremos las circunstancias que concurren.

En primer lugar el alegato que se presentó no cumple con el reglamento de esta corte. No contiene un señalamiento separado de errores. La regla es tan clara y tan fácil de cumplir y la jurisprudencia ha sido tan repetida, que no se explica cómo puede omitirse su cumplimiento.

Eso no obstante hemos examinado el alegato ligeramente y hemos leído la opinión emitida por el juez de distrito para

fundar la sentencia apelada y nos inclinamos a creer que se trata de una apelación frívola. La prueba es voluminosa. Consistió de documentos, planos, inspección ocular del propio juez, y de declaraciones de testigos aportados por una y otra parte contradictorias entre sí. La cuestión a decidir era una de hecho: si el demandante estaba o no en posesión de cierta extensión de terreno de unos cinco metros de frente por seis de fondo. Demandante y demandado poseen casas con sus solares colindantes en la ciudad de Mayagüez y el conflicto planteado por el demandante surge sobre la posesión de la extensión de terreno indicada. De modo enfático el juez sentenciador en su opinión dice: "De la evidencia practicada, la corte ha llegado a la conclusión de que el demandante José Asunción Escapa nunca estuvo en posesión de la porción de terreno" que reclama, y luego entra en un análisis completo de la evidencia al efecto, terminado el cual dice: "Por el contrario, el demandado probó satisfactoriamente haber estado él y los anteriores dueños, en la posesión material de la parcela." Sigue analizando la evidencia y termina resumiendo sus conclusiones. La opinión revela un estudio cuidadoso y concienzudo del caso.

*Las circunstancias concurrentes no nos llevan, pues, al ejercicio de nuestra discreción en pro del apelante y en tal virtud debe ser su apelación desestimada.*

El Juez Asociado Sr. Texidor no intervino.